IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV83-1-MU

| | |
|---|---|
| GAY EUGENE BLANKENSHIP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| HUGH DOUGLAS MITCHELL, supt., ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed April 29, 2005.

Upon a review of the record, the arguments, and applicable authorities, the Court finds that Respondent's motion for summary judgment should be <u>granted</u> and Petitioner's § 2254 petition for writ of habeas corpus should be <u>dismissed</u>.

## PROCEDURAL BACKGROUND

On August 2, 2002, after trial by jury, Petitioner was convicted in the Superior Court in Buncombe County, of possession of a Schedule II controlled substance (crack cocaine). On that same date, Petitioner pled guilty to having achieved the status of habitual felon. Petitioner was sentenced to a presumptive term of 135-171 months imprisonment. Petitioner filed a direct appeal. On July 20, 2004, the North Carolina Court of Appeals issued an unpublished opinion finding no error. On November 7, 2004, Petitioner dated a <u>pro se</u> Motion for Appropriate Relief (MAR). Petitioner's MAR was denied on December 21, 2004. Petitioner then filed a <u>pro se</u>

certiorari petition in the North Carolina Court of Appeals which was denied on January 25, 2005.

On April 5, 2005, Petitioner filed the instant federal habeas petition. In his federal habeas petition Petitioner alleges that: 1) his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; 2) his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest; 3) his conviction was obtained by action of a trial jury which was incorrectly charged by the trial judge; 4) he received ineffective assistance of counsel; and 5) his conviction was obtained without Petitioner being afforded the right to due process of law.

## ANALYSIS

### A. APPLICABLE LAW

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must

next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[1] a federal court reviews the claims questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

3

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may <u>not</u> issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

## B. SEARCH AND SEIZURE CLAIM

Petitioner alleges that his conviction was obtained with evidence gained pursuant to an unconstitutional search and seizure. More specifically, Petitioner contends that he was not the owner of the vehicle and that he did not have control or dominion over its contents.

Respondent argues, and this Court agrees, that Petitioner is barred from raising his Fourth Amendment claim. In Stone v. Powell, 428 U.S. 465, 494 (1976), the United States Supreme Court held that federal habeas corpus is not available for review of Fourth Amendment claims where the state provided full and fair litigation of the claim. In the instant case, Petitioner had a full and fair opportunity to litigate and chose not to do so.

Moreover, Petitioner raised this claim in his MAR. In denying this claim, the MAR court noted that Petitioner had failed to raise this claim at trial, or on direct appeal. The failure to raise a claim on direct review results in it being procedurally defaulted. See N.C. Gen. Stat. 15A-1419. The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998),

4

cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

**C. ARREST CLAIM**

Petitioner also alleges that his conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest. More specifically, Petitioner alleges that while in custody he was never informed of his Miranda rights.

Petitioner raised this claim in his MAR. In denying Petitioner's MAR the state court stated that "the Defendant has not stated grounds otherwise which would entitle him to relief from the Judgment previously entered by the Court." Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Petitioner cites no Supreme Court precedent supporting the proposition that a conviction must be overturned if a defendant is not informed of his Miranda rights and no confession is introduced at trial. Moreover, this Court is unaware of any such precedent. Consequently, Petitioner's claim must fail.

**D. JURY INSTRUCTION**

Petitioner asserts that his conviction was obtained by action of a trial jury which was incorrectly charged by the trial judge. More specifically, Petitioner asserts that the trial judge failed to correctly instruct the jury with regard to the term "constructive possession." In addition,

Petitioner contends that the trial judge "coerced the jury into pleading a guilty verdict." The Court will address each of Petitioner's allegation separately below.

### 1. Constructive Possession

Petitioner alleges that the trial court incorrectly charged the jury with regard to constructive possession. Petitioner provides no further argument or analysis in his petition with regard to this claim.

Petitioner raised this claim in his MAR. In denying Petitioner's MAR the state court stated that "the Defendant has not stated grounds otherwise which would entitle him to relief from the Judgment previously entered by the Court." A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis. 236 F.3d 149, 176 (4th Cir. 2000)(en banc). Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

An alleged error or omission in a state trial court's jury instruction violates the constitution only if the error was so egregious that it rendered the entire trial fundamentally unfair. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Estelle v. McGuire, 502 U.S. 62, 66 (1991). In determining whether a jury instruction, or lack of one, violated a defendant's due process rights, a reviewing court must make it determination in the context of the instructions as a whole and the trial record. Henderson, 431 U.S. at 71.

Petitioner presents no evidence or argument to support a conclusion that the constructive possession jury instruction charge at issue was so egregious that it rendered the entire trial fundamentally unfair. Nor has Petitioner established that the state court ruling was contrary to or an unreasonable application of Supreme Court precedent

**2. Allen Charge**

Petitioner also alleges that the trial judge coerced the jury into finding him guilty. Petitioner provides no further argument or analysis in his petition with regard to this claim.

Petitioner raised this claim in his MAR. In denying Petitioner's MAR the state court stated that "the Defendant has not stated grounds otherwise which would entitle him to relief from the Judgment previously entered by the Court." A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis. 236 F.3d 149, 176 (4th Cir. 2000)(en banc). Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

An Allen charge must not coerce the jury and must be fair, neutral, and balanced. See generally United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003), cert. denied, 124 S. Ct. 2906 (2004)(applying supreme Court ruling in Allen v. United States, 164 U.S. 492 (1896)). In the instant case, the state trial court judge instructed the jury as follows:

> So I want you to listen to this – well, before I go into this

instruction let me say this. I'm certain that all of you know what is – what happens if you don't resolve it, probably, but just in case you don't, I'm going to reiterate this. As long as this is the case – that is, as long as the State has the defendant charged and the defendant is pleading "not guilty," then some jury is going to have to decide it. There is no other way under our system of law for it to be resolved. And when that's so, the case will have to be retried and another twelve jurors of completely different backgrounds just like you all are who don't know each other probably will be put in the jury box and hear the same evidence over again. As long as it's a case, that will happen until some jury resolves it. So listen to this instruction and think about it, and then you all go back and see what you can do about this case.

I want you to understand that I am not trying to put pressure on you. That is not what I'm trying to do. I'm not trying to coerce you all into a verdict. That would be wrong. You should not be coerced into a verdict. I just want you to think about the case and all the evidence that's been presented and my instructions and see if you can't resolve it.

First, it is your duty to consult with one another and to deliberate with a view to reaching an agreement if it can be done without violence to individual judgment. Second, each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Third, in the course of your deliberations you should not hesitate to reexamine your own views and change your opinion if you become convinced it is erroneous. On the other hand, you should not hesitate to hold to your own views and opinions if you remain convinced they're correct. Fourth, none of you should surrender an honest conviction to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Please be mindful that I'm in no way trying to force or coerce you to reach a verdict. I recognize the fact that there are sometimes reasons why jurors cannot agree. Through these additional instructions I merely want to emphasize that it is your duty to do whatever you can to reason the matter over together as reasonable people and to reconcile your differences if such is possible without the surrender of conscientious convictions and then to reach a verdict.

Petitioner has not established, and this Court does not find, that the <u>Allen</u> charge at issue

was unconstitutional much less contrary to or an unreasonable application of Supreme Court precedent.

E.  **INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM**

Petitioner also asserts that he received ineffective assistance of counsel.  More specifically, Petitioner contends that trial counsel failed to object to the introduction of illegally obtained evidence and to the trial court's incorrect Allen charge.  In addition, Petitioner alleges that his trial counsel failed to submit mitigating factors at his sentencing hearing.  The Court will address each of these allegations below.

**1. Failure to Object to the Introduction of Illegal Evidence**

Petitioner alleges that his trial counsel was ineffective for failing to object to evidence that was illegally obtained.

Petitioner raised this claim in his state collateral proceedings where it was summarily denied.  A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review.  See Bell v. Jarvis. 236 F.3d 149, 176 (4th Cir. 2000)(en banc). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

Again, the controlling Supreme Court precedent for ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984).  In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell

below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689, Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert, denied. 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields. 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

The record reveals that the arresting officer observed the vehicle at issue make an illegal left turn. The officer then ran the license plate number and learned that the Department of Motor Vehicles listed the plate as "unassigned." The officer then pulled the car over. As the officer approached the car she observed a woman in the back seat exposing her upper body. The officer asked the woman to exit the car. The officer frisked her and asked her what was in her bra – the woman replied that it was a crack pipe. The officer arrested the woman. The officer then asked the driver of the vehicle to step out of the car. The driver did so and also consented to a search of the vehicle. The officer then asked the passenger - Petitioner - to exit the car. Petitioner was frisked but nothing was found. A search of the car revealed a crack rock on the floorboard underneath the passenger seat. More cocaine was found in the backseat. Petitioner was arrested. In the patrol car Petitioner was observed squirming in the back seat. A subsequent search of the back seat revealed a plastic bag of crack rocks. See State v. Blankenship, No. COA03-337, 2004 N.C. App. LEXIS 1314 (July 20, 2004).

Petitioner does not specify in his federal habeas petition why the above search and seizure was illegal. Reviewing the facts as set forth by the North Carolina Court of Appeals, and

uncontradicted by Petitioner, this Court does not find that the above-described search and seizure were unconstitutional. Petitioner has not established that any challenge by his attorney to the search and seizure in this case would have been successful and as such he has not established the requisite prejudice prong of an ineffective assistance of counsel claim. Petitioner has failed to established that the state court ruling was contrary to or an unreasonable application of Supreme Court precedent and as such his claim is denied.

### 2. **Failure to Object to Incorrect Jury Instruction**

Petitioner alleges that his trial counsel was ineffective for failing to object to the constructive possession jury instruction.

Petitioner raised this claim in his state collateral proceedings where it was summarily denied. A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis. 236 F.3d 149, 176 (4th Cir. 2000)(en banc). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

Again, the controlling Supreme Court precedent for ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In

making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689, Fields v. Attorney General of Md.. 956 F.2d 1290, 1297-99 (4th Cir.), cert, denied. 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields. 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner does not elaborate on why the constructive possession jury charge was incorrect. As such, he fails to establish that the state court's denial of this claim was contrary to clearly established Supreme Court precedent and his claim is dismissed.

### 3. **Failure to Object to Supplemental Jury Instruction**

Petitioner alleges that his trial counsel was ineffective for failing to object to the Allen charge.

Petitioner raised this claim in his state collateral proceedings where it was summarily denied. A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis. 236 F.3d 149, 176 (4th Cir. 2000)(en banc). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

Again, the controlling Supreme Court precedent for ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell

below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689, Fields v. Attorney General of Md.. 956 F.2d 1290, 1297-99 (4th Cir.), cert, denied. 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields. 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

An Allen charge must not coerce the jury and must be fair, neutral, and balanced. Petitioner does not specify how the Allen charge in the instant case violated these principles. As such he has failed to establish that he was prejudiced by his counsel's failure to challenge this supplemental jury charge. Moreover, he has failed to establish that the state court's ruling on his ineffective assistance of counsel claim based upon his counsel's failure to challenge the Allen charge was contrary to established Supreme Court precedent.

## F. DUE PROCESS

Petitioner alleges that his conviction was obtained without due process of law because the sentencing court found him guilty of aggravated factors without said factors being proved beyond a reasonable doubt by a jury.

A review of the record reveals that Petitioner received a presumptive range habitual sentence which enabled the trial court to sentence Petitioner without making any findings in aggravation or mitigation.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**; and

2. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

**Signed: January 20, 2006**

Graham C. Mullen
Chief United States District Judge